UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIDNEY T. SCARLETT,<br><br>  Plaintiff,<br><br>  v.<br><br>RESOL GROUP LLC, et al.,<br><br>  Defendants. | Case No.  5:14-cv-05512 EJD<br><br>**ORDER DENYING MOTION FOR RECUSAL**<br><br>Re: Dkt. No. 33 |

Presently before the court is a document entitled "Plaintiff Sidney T. Scarlett, the natural living man's, Affidavit of Personal Bias or Prejudice of Judge Edward J. Davila." See Docket Item No. 33.  The court construes Plaintiff's filing as a motion for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455.[1]

Under §§ 144 and 455, recusal is appropriate only where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993).  Such recusal may rest on either "actual bias or the appearance of bias." Id.  A district judge has a duty to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).  However, "[f]ederal judges are obligated not to recuse themselves where there is no reason to question their

---

[1] Assuming Plaintiff filed the instant pleading pursuant to 28 U.S.C. § 144, this court must pass on the legal sufficiency of the affidavit in the first instance.  See Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case.").

impartiality." New York City Housing Develop. Corp. v. Hart, 796 F.2d 976, 980 (7th Cir. 1986). To that end, the "reasonable person" standard does not contemplate "someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (quoting In re Mason, 916 F.2d 384, 386 (7th Cir. 1990)).

Here, Plaintiffs' conclusion of bias stems primarily from an alleged "personal acquaintance" with judges of the Santa Clara County Superior Court due to the undersigned's former position as a judge of that court. In this context, however, the undersigned's former employment does not constitute a valid basis for recusal because a well-informed and thoughtful observer would not reasonably question the judge's impartiality. See Guardian Pipeline, L.L.C. v. 950.80 Acres of Land, 525 F.3d 554, 557 (7th Cir. 2008) ("Disqualification is case-specific; the statute does not put a whole subject matter out of bounds to a judge with no concrete investment in a particular dispute."); see also Perry v. Schwarzenegger, 630 F.3d 909, 915-16 (9th Cir. 2011).

Accordingly, Plaintiffs' motion for recusal (Docket Item No. 33) is DENIED.

**IT IS SO ORDERED.**

Dated: January 26, 2015

_____
EDWARD J. DAVILA
United States District Judge

2
Case No.: 5:14-cv-05512-EJD
ORDER DENYING MOTION FOR RECUSAL