UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIDNEY T. SCARLETT,<br><br>    Plaintiff,<br><br>    v.<br><br>RESOL GROUP LLC, et al.,<br><br>    Defendants. | Case No.  5:14-cv-05512 EJD<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 27 |

    Presently before the court is Plaintiff Sidney T. Scarlett's ("Plaintiff") "emergency injunction request," which the court has construed as a motion for a temporary restraining order ("TRO"). See Docket Item No. 27. According to the filing, Plaintiff seeks an order "voiding" all orders issued by the Santa Clara County Superior Court in three cases involving certain real property.

    The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009). As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the

1

Case No.: 5:14-cv-05512 EJD
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

1  hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo
2  where complex legal questions require further inspection or deliberation. Alliance for the Wild
3  Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).
4        The court has reviewed the instant application in conjunction with other filings on the
5  docket and finds that Plaintiff has neither shown that he is likely to succeed on the merits nor
6  shown that "serious questions" exist such that the status quo must be preserved pending further
7  litigation. Indeed, it is unlikely based on the present state of the pleadings that Plaintiff has
8  sufficiently asserted or can assert civil rights claims against the named defendants for a number of
9  dispositive reasons, which include Eleventh Amendment immunity, judicial immunity, and the
10 Rooker-Feldman Doctrine. Plaintiff, therefore, has not met his burden to make a "clear showing"
11 that he is entitled to relief.
12       Accordingly, the "emergency injunction request" (Docket Item No. 27) is DENIED.

**IT IS SO ORDERED.**

Dated: January 26, 2015



EDWARD J. DAVILA
United States District Judge

2

Case No.: 5:14-cv-05512 EJD
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER