UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SIDNEY T. SCARLETT,

    Plaintiff,

v.

RESOL GROUP LLC, et al.,

    Defendants.

Case No. 5:14-cv-05512 EJD

**ORDER REMANDING CASES**

Re: Dkt. Nos. 16, 17, 18, 48

## I.  INTRODUCTION

Plaintiff Sidney T. Scarlett ("Scarlett") filed a Complaint in this court on December 17, 2014, asserting that certain individuals involved in state court litigation over real property - including the attorney that represented the opposing party as well as the judges who presided over the actions - violated his civil rights. Scarlett also filed Notices of Removal on January 14th and January 15, 2015, which purport to remove three actions originally filed in Santa Clara County Superior Court.[1] See Docket Item Nos. 16-18.[2] After a preliminary review of this action and ther removal notices, the court ordered Scarlett to submit, pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), copies of the pleadings filed in the three state court actions which form the basis of federal jurisdiction. See Docket Item No. 38. Scarlett did so for two of the actions, but filed a motion to extend the deadline to supply pleadings for the third. See Docket Item Nos. 48, 51, 52.

As is its obligation, the court has conducted a review of the state court documents to determine whether federal jurisdiction exists over any of the removed actions. See Mashiri v.

---

[1] The three state court actions are: Resol Group, LLC v. Scarlett, Case No. 114cv265498; Resol Group, LLC v. Scarlett, Case No. 114cv267656; and Scarlett v. Zou, Case No. 114cv274707.

[2] Docket item references are to the instant federal case, No. 5:14-cv-05512 EJD.

1

Case No.: 5:14-cv-05512 EJD
ORDER REMANDING CASES

1  Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013).  It does not.  Accordingly, the three state
2  court actions will be remanded and Scarlett's motion for a deadline extension will be denied for
3  the reasons explained below.

## II.  LEGAL STANDARD

Removal jurisdiction is a creation of statute.  See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress.").  In general, only those state court actions that could have been originally filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant.").  Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1441(a), (b); 1332(a).

It is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").  "Where doubt regarding the right to removal exists, a case should be remanded to state court."  Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.  DISCUSSION

### A.  Resol Group, LLC v. Scarlett, Case No. 114cv267656

The court begins the analysis with Resol Group, LLC v. Scarlett, Case No. 114cv267656.  The Complaint submitted by Plaintiff reveals that, in that case, Resol Group, LLC asserts state-law causes of action against Scarlett for quiet title, cancellation of recorded instrument, declaratory

Case 5:14-cv-05512-EJD   Document 65   Filed 02/11/15   Page 3 of 5

relief, slander of title, and civil conspiracy.  See Docket Item No. 52.

   Plaintiff filed two removal notices for Case No. 114cv267656.  The first contains reference to a string of authorities inapplicable to the issue of removal jurisdiction.  See Docket Item No. 17, at 2:2-6.  In the second, Plaintiff cited several statutes in the caption.  See Docket Item No. 18.  However, none of the referenced statutes support the removal of this action.  Indeed, despite the reference to 28 U.S.C. § 1331, a federal question cannot be found on the face of the state-court Complaint, which is a requirement for jurisdiction under that section to arise.  Caterpillar, Inc., 482 U.S. at 392 ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question.").  Furthermore, federal question jurisdiction does not arise from an actual or anticipated cross-claim or counterclaim since those claims are not contained in the Complaint, nor can it be created by some alternative constitutional interpretation of the pleading.  See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (holding jurisdiction must appear on the face of the complaint); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (2009) (holding jurisdiction cannot rest on actual or anticipated defense).  In short, it is Resol Group, LLC that determines whether there is a federal question, not Scarlett.  See ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) ("As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims.").

   Similarly, Case No. 114cv267656 could not be removed under 28 U.S.C. § 1332 because both Scarlett and Resol Group, LLC are citizens of California.  See Civil Case Cover Sheet, Docket Item No. 1 (indicating at Section III that Scarlett and Resol Group, LLC are California citizens); see also Compl. in Case No. 114cv267656, Docket Item No. 52, at ¶ 1 ("Plaintiff RESOL GROUP, LLC . . . is, and at all times relevant herein has been, a limited liability company organizing and existing under the laws of the State of California.").  There must be complete

3
Case No.: 5:14-cv-05512 EJD
ORDER REMANDING CASES


relief, slander of title, and civil conspiracy.  See Docket Item No. 52.

   Plaintiff filed two removal notices for Case No. 114cv267656.  The first contains reference to a string of authorities inapplicable to the issue of removal jurisdiction.  See Docket Item No. 17, at 2:2-6.  In the second, Plaintiff cited several statutes in the caption.  See Docket Item No. 18.  However, none of the referenced statutes support the removal of this action.  Indeed, despite the reference to 28 U.S.C. § 1331, a federal question cannot be found on the face of the state-court Complaint, which is a requirement for jurisdiction under that section to arise.  Caterpillar, Inc., 482 U.S. at 392 ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question.").  Furthermore, federal question jurisdiction does not arise from an actual or anticipated cross-claim or counterclaim since those claims are not contained in the Complaint, nor can it be created by some alternative constitutional interpretation of the pleading.  See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (holding jurisdiction must appear on the face of the complaint); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (2009) (holding jurisdiction cannot rest on actual or anticipated defense).  In short, it is Resol Group, LLC that determines whether there is a federal question, not Scarlett.  See ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) ("As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims.").

   Similarly, Case No. 114cv267656 could not be removed under 28 U.S.C. § 1332 because both Scarlett and Resol Group, LLC are citizens of California.  See Civil Case Cover Sheet, Docket Item No. 1 (indicating at Section III that Scarlett and Resol Group, LLC are California citizens); see also Compl. in Case No. 114cv267656, Docket Item No. 52, at ¶ 1 ("Plaintiff RESOL GROUP, LLC . . . is, and at all times relevant herein has been, a limited liability company organizing and existing under the laws of the State of California.").  There must be complete

3

Case No.: 5:14-cv-05512 EJD
ORDER REMANDING CASES

1  diversity of citizenship for such jurisdiction to arise.  Kuntz v. Lamar Corp., 385 F.3d 1177, 1181

2  (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there

3  must be complete diversity of citizenship between the parties opposed in interest.")

4        The other statutes cited by Scarlett outside of those which simply describe the removal

5  process - 28 U.S.C. § 1337, 1343 and 1367[3] - also fail as possible bases of federal jurisdiction

6  because the claims asserted by Resol Group, LLC in Case No. 114cv267656 do not involve

7  antitrust issues or civil rights violations, and the "supplemental jurisdiction statute is not a basis

8  for removal." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1066 (9th Cir. 2008).

9        Accordingly, because this court does not have jurisdiction over the action, Case No.

10  114cv267656 will be remanded.

11        **B.**    **Scarlett v. Zou, Case No. 114cv274707**

12        The court now turns to Scarlett v. Zou, Case No. 114cv274707.  There, Scarlett asserts one

13  claim for unlawful detainer against Honyang Zou.  See Docket Item No. 51.

14        This case must remanded for reasons similar to those already discussed.  First, the Notice

15  of Removal filed by Scarlett contains reference to the same string of inapplicable authorities

16  referenced above. See Docket Item No. 16, at 2:2-6.  Second, it is well-established that claims of

17  unlawful detainer do not arise under federal law and, therefore, cannot support federal-question

18  jurisdiction.  See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez, No. C 11-00451 WHA, 2011 U.S. Dist.

19  LEXIS 44818, at *1, 2011 WL 1465678 (N.D. Cal. Apr. 15, 2011); GMAC Mortg. LLC v.

20  Rosario, No. C 11-1894 PJH, 2011 U.S. Dist. LEXIS 53643, at *2, 2011 WL 1754053 (N.D. Cal.

21  May 9, 2011); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 U.S. Dist.

22  LEXIS 130517, at *2, 2010 WL 4916578 (C.D. Cal. Nov. 22, 2010).  Third, it is apparent from the

23  pleadings that diversity jurisdiction does not arise because both Scarlett and Zou are California

24  citizens.  Fourth, Scarlett is the plaintiff in Case No. 114cv274707; he cannot remove his own

25  complaint to federal court.  See 28 U.S.C. § 1441(a); see also Bush v. Cheaptickets, Inc., 425 F.3d

---

[3] Scarlett actually references 28 U.S.C. § "1467."  That statute, however, does not exist.

United States District Court
Northern District of California

683, 686 (9th Cir. 2005) ("[O]nly a defendant may remove [an] action to federal court.").

### C. Resol Group, LLC v. Scarlett, Case No. 114cv265498

Finally, the court addresses Resol Group, LLC v. Scarlett, Case No. 114cv265498, which is a sole-count unlawful detainer action filed by Resol Group, LLC against Scarlett.[4] This case was previously ordered remanded by Judge Lucy H. Koh upon a determination that federal jurisdiction did not arise. See Resol Group, LLC v. Scarlett, No. 14-CV-04402-LHK, 2014 U.S. Dist. LEXIS 166406, 2014 WL 6766258 (N.D. Cal. Dec. 1, 2014). This court concurs with that conclusion. The second removal was therefore improper, and this case must be again remanded.

## IV. ORDER

Based on the foregoing, the Clerk shall remand the following three cases to Santa Clara County Superior Court: (1) Resol Group, LLC v. Scarlett, Case No. 114cv265498; (2) Resol Group, LLC v. Scarlett, Case No. 114cv267656; and (3) Scarlett v. Zou, Case No. 114cv274707.

In addition, since Scarlett is proceeding in forma pauperis, the court has considered whether there could be viable arguments for an appeal of this order. See Docket Item No. 4. Since the jurisdictional issues cannot be debated, the court concludes there are no valid grounds on which to base an appeal. Accordingly, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be in good faith.

**IT IS SO ORDERED.**

Dated: February 11, 2014

EDWARD J. DAVILA
United States District Judge

---

[4] Scarlett did not submit the underlying state-court pleadings for Case No. 114cv265498, but the salient record of that action was previously filed in Case No. 5:14-cv-04402-LHK. Since the court can take judicial notice of those documents, Scarlett's motion for an extension of time to produce the record for Case No. 114cv265498 (Docket Item No. 48) is unnecessary, and is therefore DENIED. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (recognizing that the court "may take judicial notice of court filings and other matters of public record.").

5
Case No.: 5:14-cv-05512 EJD
ORDER REMANDING CASES