UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIDNEY T. SCARLETT,<br><br>Plaintiff,<br><br>v.<br><br>RESOL GROUP LLC, et al.,<br><br>Defendants. | Case No. 5:14-cv-05512-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO REMAND; DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 40, 70 |

## I.   INTRODUCTION

As detailed in a companion order filed this same date, Plaintiff Sidney T. Scarlett ("Scarlett") brings the instant action after he was unsuccessful as a defendant and appellant in three state court cases involving real property. He now sues the other individuals involved in those cases, including Resol Group, LLC ("Resol"), which was the plaintiff in the state court cases, its attorney Kirkman J. Hoffman ("Hoffman), as well as all of the judges who presided over the cases at the trial and appellate division levels. Although the allegations against Resol and Hoffman are not specific, it is suggested in the Complaint that they presented false testimony and forged documents to the state court during actions for unlawful detainer and quiet title.

A Motion to Dismiss filed by the state court judges has been granted. See Docket Item No. 73. Presently before the court is a Motion to Dismiss brought by remaining defendants, Resol and Hoffman.[1] See Docket Item No. 40. Despite an extension of time, Scarlett has not filed an

---

[1] Resol and Hoffman also moved to remand three state-court cases purportedly removed by Scarlett into this action. The court has since remanded those cases sua sponte. See Docket Item

1
Case No.: 5:14-cv-05512-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT
DEFENDANTS' MOTION TO REMAND; DENYING PLAINTIFF'S MOTION FOR
EXTENSION OF TIME

opposition to the motion. His second motion for an extension of time (Docket Item No. 70), which would also necessitate a delay of the hearing on this motion, is DENIED because Scarlett has had sufficient time to draft and file an opposition. Moreover, the reasons for dismissal of the claims against Resol and Hoffman are well-settled and not subject to reasonable debate.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for March 12, 2015, will be vacated and this motion will be granted for the reasons explained below.

## II. LEGAL STANDARD

Resol and Hoffman invoke Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), but only the former is necessary to resolve this motion.

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. Id. When, as here, a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

## III. DISCUSSION

Like the state court judges, Resol and Hoffman argue an absence of federal subject matter jurisdiction based on the Rooker-Feldman doctrine and Younger abstention. These arguments are meritorious for the same reasons explained in the order addressing the state court judges' motion.

---

No. 65. Accordingly, the Motion to Remand is DENIED AS MOOT.

The Rooker-Feldman doctrine prohibits this court from hearing Scarlett's claims against Resol and Hoffman. Notably, Scarlett seeks the same relief for all claims against all defendants - the annulment or voiding of state court judgments - which places this entire action within the purview of Rooker-Feldman. See Cooper v. Ramos, 704 F.3d 772, 777-78 (9th Cir. 2012). Moreover, the exception for extrinsic fraud is of no assistance to Scarlett for his claims against Resol and Hoffman because his allegations on this topic are conclusory and inconsistent, since, on the one hand, he alleges "fraud upon the court," but on the other, alleges actual injury due to the state court's failure to consider his arguments. The latter is not extrinsic fraud and the former is not the type of well-pled allegation entitled to an assumption of truth. Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (holding that the "focus" of a claim within the fraud exception is not whether a state court committed legal error, but rather on a wrongful act by the adverse party.). The case cited by Scarlett, Kougasian v. TMSL, Inc., 359 F.3d 1136 (9th Cir. 2004), is in accord.[2]

The claims asserted against Resol and Hoffman are also subject to dismissal based on Younger abstention, which is appropriately applied when "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." Dubinka v. Judges of Super. Ct., 23 F.3d 218, 223 (9th Cir. 1994) (internal quotation marks omitted). This court has determined in connection with the state judges' motion that, based on the Complaint's allegations, the subject state court proceedings are ongoing, the implicated property rights are a subject of state interest, and Scarlett has not shown there is inadequate opportunity to raise federal questions either in the state trial or appellate courts. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy [for constitutional issued

---

[2] "Rooker-Feldman thus applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment." Kougasian, 359 F.3d at 1140.

Case No.: 5:14-cv-05512-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO REMAND; DENYING PLAINTIFF'S MOTION TO EXTENSION OF TIME

3

1   that arise], in the absence of unambiguous authority to the contrary.").

2        In addition, allowing Scarlett leave to amend under these circumstances would be futile.
3   Both the Rooker-Feldman doctrine and Younger abstention operate as complete bars to federal
4   jurisdiction, and Scarlett has not presented coherent argument or indicated what additional facts he
5   could assert if given the opportunity to do so.

6   **IV.  ORDER**

7        Based on the foregoing, the Motion to Dismiss filed by Resol and Hoffman (Docket Item
8   No. 40) is GRANTED. All claims asserted against them are DISMISSED WITHOUT LEAVE
9   TO AMEND.

10       The hearing and Case Management Conference scheduled for March 12, 2015, are
11  VACATED. Since this order represents a final resolution of this action, the Clerk shall close this
12  file.

14  **IT IS SO ORDERED.**

15  Dated:

                                                                                 _____
                                                                                 EDWARD J. DAVILA
                                                                                 United States District Judge

4

Case No.: 5:14-cv-05512-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT
DEFENDANTS' MOTION TO REMAND; DENYING PLAINTIFF'S MOTION TO
EXTENSION OF TIME