UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIDNEY T. SCARLETT,<br><br>Plaintiff,<br><br>v.<br><br>RESOL GROUP LLC, et al.,<br><br>Defendants. | Case No. 5:14-cv-05512-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 25, 49 |

Plaintiff Sidney T. Scarlett ("Scarlett") brings the instant action after he was unsuccessful as a defendant and appellant in three state court cases involving real property. He now sues the other individuals involved in those cases, including Resol Group, LLC ("Resol"), which was the plaintiff in the state court cases, its attorney Kirkman J. Hoffman, as well as all of the judges who presided over the cases at the trial and appellate division levels.

Presently before the court is a Motion to Dismiss filed the state court judges (the "Judicial Defendants").[1] See Docket Item No. 25. Scarlett opposes the motion. See Docket Item No. 49.[2]

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331 since Scarlett raises federal civil rights claims in the Complaint. The court has carefully reviewed the parties' pleadings and finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

---

[1] Resol and Hoffman have also moved to dismiss the Complaint, which is addressed in a separate order also filed on this date.

[2] In that filing, Scarlett also moves to strike the Judicial Defendants' Motion to Dismiss "as hearsay testimony of an attorney as 3rd party without first hand knowledge." Because a motion and supporting declaration are neither hearsay nor improper attorney testimony, the Motion to Strike is DENIED.

1

Case No.: 5:14-cv-05512-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STRIKE

Accordingly, the hearing scheduled for March 12, 2015, will be vacated and this motion will be granted for the reasons explained below.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Since Scarlett is proceeding without legal representation, the court has liberally construed the "Action in Equity Complaint" filed on December 17, 2014, in order to understand the relevant factual background. See Docket Item No. 1. In addition, the court has reviewed the entire docket and includes any additional pertinent facts below.

In general, Scarlett alleges that the six judges of the Santa Clara County Superior Court who presided over Case Nos. 114CV265498, 114CV267656 and 114AP001736 made certain legal errors in violation of his constitutional rights. As this court is now aware, Case No. 114CV265498 is a sole-count unlawful detainer action filed by Resol against Scarlett, and the allegations suggest that Case No. 114AP001736 is Scarlett's appeal of the unlawful detainer judgment filed in the appellate division of the Superior Court. Case No. 114cv267656 involves Resol's claims against Scarlett for quiet title, cancellation of recorded instrument, declaratory relief, slander of title, and civil conspiracy.

Turning to the acts of the individual judges, Scarlett alleges in the Complaint that Judge Socrates Peter Manoukian "conclusively violated the law and Scarlett's procedural due process" rights by issuing a writ of possession at a time when the state court had lost jurisdiction due to a removal to federal court. Scarlett also asserts that Judge Manoukian was "without jurisdiction" to issue the writ because he was recused from presiding over the case.

Scarlett alleges that Judge Derek Woodhouse stated "unambiguously" during the unlawful detainer trial that he would not consider Plaintiff's evidence or argument challenging Resol's standing to sue, even though Judge Woodhouse recognized problems with Resol's claim of title.

With regard to Judges Griffin M.J. Bonini, Helen E. Williams, and Mary E. Arand, Scarlett alleges they issued void orders which denied Scarlett's petition for writ of mandate and lifted a temporary stay of eviction without jurisdiction. He also asserts that a motion filed in December,

2

Case No.: 5:14-cv-05512-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STRIKE

1   2014, has gone unanswered, which he contends should be considered "a refusal and contempt."

2   After initiating this case, Scarlett purported to remove into this action Case Nos.
3   114CV265498 and 114CV267656, as well as another case he had initiated, Case No.
4   114cv274707. See Docket Item Nos. 16-18. This court remanded all three cases to Santa Clara
5   Superior Court on February 11, 2015, for lack of federal subject matter jurisdiction. See Docket
6   Item No. 65.

7   Scarlett also moved to recuse the undersigned and for a temporary restraining order. See
8   Docket Item Nos. 27, 33. Those motions were denied. See Docket Item Nos. 36, 37.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. Id. When, as here, a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

### B.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support

3
Case No.: 5:14-cv-05512-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STRIKE

a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

In addition, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III. DISCUSSION

Under Rule 12(b)(1), the Judicial Defendants argue that the Rooker-Feldman doctrine, Younger abstention, and Eleventh Amendment immunity preclude federal subject matter jurisdiction over Scarlett's claims. Under Rule 12(b)(6), they argue that Scarlett has not stated sufficient facts to state a claim, and cannot do so in any event because the judicial defendants are absolutely immune. Since the applications of Rooker-Feldman, Younger abstention and judicial immunity prove dispositive, only those arguments are addressed below.

#### A. Rooker-Feldman

Under the Rooker-Feldman Doctrine, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003). "A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court" but may not "appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the

4

Case No.: 5:14-cv-05512-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STRIKE

parties." Id. at 1155.

In addition to direct appeals, Rooker-Feldman also prohibits district courts from hearing de facto appeals of state-court decisions. A case can be classified as a de facto appeal "when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court." Id. at 1156. Nor can the district court entertain issues which are "inextricably intertwined" with a de facto appeal. Id. at 1158.

Here, portions of Scarlett's Complaint make plain that this action is barred by Rooker-Feldman. Indeed, Scarlett seeks relief which matches exactly the description of a prohibited de facto appeal. See Cooper v. Ramos, 704 F.3d 772, 777-78 (9th Cir. 2012) ("To determine whether an action functions as a de facto appeal, we 'pay close attention to the relief sought by the federal-court plaintiff.'" (quoting Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003)). Scarlett requests in the Complaint "that the judgments be annulled and voided as obtained upon false testimony and forged documents, fraud upon the court, and in violation of [Scarlett's] constitutional rights." However, this court cannot consider Scarlett's challenge to state-court orders based on fraud, the admission of fraudulent evidence, or lack of jurisdiction because these arguments should have been raised through a post-judgment proceeding in the state trial court (which appears to have occurred in some form) or a direct appeal to the California Court of Appeals.

Furthermore, Scarlett's constitutional and civil rights claims are not properly before the district court because they are "inextricably intertwined" with the prohibited de facto appeal. See Noel, 341 F.3d at 1158 ("Only when there is already a forbidden de facto appeal in federal court does the 'inextricably intertwined' test come into play . . . ."). A claim is "inextricably intertwined" with a state court judgment if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." Fontana Empire Ctr., LLC v.

5

Case No.: 5:14-cv-05512-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STRIKE

City of Fontana, 307 F.3d 987, 992 (9th Cir. 2002) (internal quotations and citations omitted). Since Scarlett's constitutional and civil rights claims are based on the state court's alleged denial of due process, equal protection, and a "full and fair trial," "federal relief can only be predicated upon a conviction that the state court was wrong." Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987).

Scarlett's arguments on this topic are unpersuasive. Citing Lynk v. La Porte Superior Court No. 2, 789 F.2d 554 (1986), he attempts to recast this case as one asserting that an unidentified California statute, "as interpreted," prevented him from attacking the validity of Resol's title claim. Aside from the fact that this new theory is nowhere elucidated in the Complaint, Lynk is factually distinguishable and, when read in its entirety, actually supports the conclusion that Scarlett's action is a prohibited de facto appeal.

In Lynk, the Seventh Circuit Court of Appeals was faced with a rather unique situation. There, the plaintiff filed a federal action for violations of his equal protection rights after the Indiana state courts prevented him from getting a divorce because he could not attend a mandatory hearing (he was in prison, and the state court would not compel his attendance). The district court dismissed the case based on Younger abstention, but the Seventh Circuit reversed, primarily because the plaintiff had not previously raised his federal argument in state court. Since it was unclear whether that court would allow him to raise federal issues in the divorce case, the Seventh Circuit instructed the district court to maintain his federal action on the docket until that question was answered.

Although not directly at issue, the Seventh Circuit discussed Rooker-Feldman during its analysis of all possible arguments supporting dismissal, and ultimately determined it did not apply to the plaintiff's federal action, at least at that time, since the equal protection violation "was neither raised nor decided" in the state court case. 789 F.2d at 564. In essence, the court held that Rooker-Feldman did not bar the plaintiff's federal action because his divorce case was never taken to judgment; in fact, it appeared that the state court's interpretation of the statute would prevent

6

Case No.: 5:14-cv-05512-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STRIKE

him from ever doing so. Id. at 564.

Unlike Lynk, Scarlett does not allege that a California law prevented him from taking a claim to resolution. Instead, he alleges that the Judicial Defendants rejected his legal arguments or abused discretion when issuing rulings. That is something entirely different, and as the Lynk court noted, is the sort of claim that makes a federal action subject to Rooker-Feldman. Id. at 563-64 (explaining that Rooker-Feldman basically operates by "simply by noting that an adverse judgment, even one that is erroneous as a matter of state or even federal law, is not a denial of due process."). Similarly, his conclusory allegations do not constitute the type of extrinsic fraud required to invoke the limited exception to Rooker-Feldman, at least with regard to the Judicial Defendants. Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (holding that the "focus" of a claim within the fraud exception is not whether a state court committed legal error, but rather on a wrongful act by the adverse party.)

For these reasons, the court concludes that it lacks subject matter jurisdiction over all claims due to the Rooker-Feldman doctrine.

### B. Younger Abstention

Under Younger v. Harris, 401 U.S. 37, 40-41 (1971), federal courts may not stay or enjoin ongoing state court proceedings except under special circumstances. Younger abstention is generally appropriate when "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." Dubinka v. Judges of Super. Ct., 23 F.3d 218, 223 (9th Cir. 1994) (internal quotation marks omitted).

The allegations in the Complaint meet all of the abstention requirements. It can be reasonably inferred that at least a portion of the state proceedings are ongoing because Scarlett alleges that Judge Manoukian continues to issue orders related to Resol's unlawful detainer case. He also alleges that Judges Bonini, Williams and Arand have neglected to rule on a pending motion. In addition, Scarlett's request for relief is particularly illustrative of this element, since he

7

Case No.: 5:14-cv-05512-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STRIKE

requests an order restraining Judges Manoukian and Woodhouse from issuing further orders.

The second element is satisfied because issues relating to real property, including those related to the unlawful detainer process, "represent a sufficient state interest to warrant Younger abstention." Contreras v. MTC Fin., Inc., No. C 10-5836 PSG, 2010 U.S. Dist. LEXIS 136908, at *2 (N.D. Cal. Dec. 23, 2010).

The third element is also satisfied because Scarlett's unadorned argument that state court procedures have precluded him from raising federal claims is insufficient to overcome the presumption that the state court forum is an adequate one. See Pennzoil, 481 U.S. at 15. It was his burden to prove this element, but he failed to address it in opposition. Id. at 14.

Since all of the elements are present, this action must also be dismissed due to Younger abstention. See Gibson v. Berryhill, 411 U.S. 564, 577 (1973) ("Younger v. Harris contemplates the outright dismissal of the federal suit.").

### C. Judicial Immunity

"A judge is generally immune from a civil action for damages," as well as from actions for declaratory, injunctive and other equitable relief. Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996). This immunity applies no matter how erroneous or injurious the alleged act, and is not lost through a judge's grave procedural errors or acts in excess of jurisdiction. Id. at 1244. Furthermore, this immunity protects judges even when a conspiracy with one party against another is alleged. Id.

As has been explained, Scarlett's allegations of error against the Judicial Defendants relate to actions each took in their official capacities as state court judges. Regardless of how injurious or incorrect he believes their decisions to be, the claims and requests for relief fall squarely within the scope of what is prohibited by judicial immunity.

While the court recognizes that acts taken in the clear absence of jurisdiction are not protected, Scarlett's allegations against Judge Manoukian on that subject are clearly contradicted by a document subject to judicial notice, namely the remand order issued by Judge Lucy H. Koh

on December 1, 2014.³  See Resol Group, LLC v. Scarlett, No. 14-CV-04402-LHK, 2014 U.S. Dist. LEXIS 166406, 2014 WL 6766258 (N.D. Cal. Dec. 1, 2014).  Since Judge Manoukian is not alleged to have made the orders described in the Complaint until December 12, 2014 - after the certified remand order was mailed to the state court - it is apparent he did so with jurisdiction and without the impediment of a removal to federal court.  See 28 U.S.C. § 1447(c) ("A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.").  In addition, Scarlett's argument that Judge Manoukian lacked jurisdiction due to his recusal is barred under Rooker-Feldman because this court could not reach the issue without conducting a review of the recusal decision.

Thus, the Judicial Defendants are immune from the claims asserted against them in the Complaint.

### D. Leave to Amend

The court finally considers whether Scarlett should be permitted leave to amend the claims against the Judicial Defendants.  Although leave should generally be freely given, dismissal without leave to amend is proper if "the complaint could not be saved by any amendment." Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 972 (9th Cir. 2010) (internal citation and quotation marks omitted).  Such is the case here.  Since the Complaint makes clear the claims against the Judicial Defendants are based on conduct that could never support liability, allowing for further amendment would be futile.  Accordingly, the claims against the Judicial Defendants will be dismissed without leave to amend.

### IV. ORDER

Based on the foregoing, the Judicial Defendants' Motion to Dismiss (Docket Item No. 25) is GRANTED.  All claims against the Judicial Defendants are DISMISSED WITHOUT LEAVE TO AMEND.

---

³ The Judicial Defendant's request for judicial notice is GRANTED.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (recognizing that the court "may take judicial notice of court filings and other matters of public record.")

9
Case No.: 5:14-cv-05512-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STRIKE

1   The hearing scheduled for March 12, 2015, is VACATED.

3   **IT IS SO ORDERED.**

4   Dated: March 5, 2015



EDWARD J. DAVILA
United States District Judge

10
Case No.: 5:14-cv-05512-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STRIKE